## Begley et al. v. George E. Dum Co.

Feb. 23, 1943.

J. H. Asher for appellants.

G. C. Wilson for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellee, George E. Dum Company, instituted this proceeding in 1940 to recover $1368, with interest from October 1, 1931, subject to a credit of $500 on November 29, 1935, for certain school supplies alleged to have been sold to the appellant, Leslie County Board of Education, prior to February 9, 1931. This appeal is from a judgment on a directed verdict in favor of the appellee.

No question was raised as to the delivery of the supplies, or their suitability for use, though it is intimated in the brief for the appellant that the price was excessive. On February 9, 1931, Mrs. Ruth R. Roark, then superintendent of schools in Leslie County, sent the following instrument to the appellee:

"This certifies that George E. Dum Company has filed the bills covering 36 charts for the use in schools of Leslie County, Ky. and that there is due them for such supplies the sum of $1368.00 which is payable on the 1st day of October, 1931."

Upon the receipt of this writing the appellee requested Mrs. Roark to have the matter placed before the Board of Education in order that a proper resolution might be prepared acknowledging the debt and making a record of it. The appellee testified that the following writing was received in answer to this request:

"Whereas on April 29, 1930 Leslie County Board of Education, through their Superintendent Mrs. M. C. Roark, made purchase of six Combination Charts No. 14, priced $38.00 each, total $228.00 and promised to make payment November 1, 1930 and whereas on June 17, 1930 the above mentioned Board purchased thirty Charts No. 14, total $1,140.00 and promised to make payment November 1, 1930— whereas the Board finding itself unable to make settlement as agreed, have tendered an interest bearing note signed by the Superintendent Mrs. M. C. Roark to The George E. Dum Company dated February 9, 1931 and made payable October 1, 1931 it is resolved that this action be recognized by the Board and a copy of this resolution endorsed on the minutes of the Board as of (4-18) 1931.

"Signed President   J. L. Wilson
"Signed Secretary   Ruth R. Roark."

No payment was made by the Board on October 1, 1931, nor was any made prior to January, 1934, when J. D. Begley succeeded Mrs. Roark as county superintendent. Numerous attempts were made by the appellee to collect its claim while Mrs. Roark was county superintendent, and immediately upon Begley's assumption of the office. It does not appear that any question was raised then as to the validity of the debt.

Having been unable to collect any part of its debt,

the appellee brought suit against the Board on June 4, 1934, to enforce its payment. The petition in that action set up the foregoing writings relating to the debt. M. C. Begley, an attorney of Hyden, who had been representing the appellee, filed that action. After the filing of that petition there were numerous conferences between the parties regarding the claim. Finally an agreement was reached to the effect that $500 would be paid each November until the debt was liquidated. A payment of $500 was duly authorized and made in November, 1935. The annual financial report of the County Board of Education for the school year ending June 30, 1935, which was signed by the treasurer, the chairman, and the secretary of the Board, included the appellee's claim of $1710 on the schedule of outstanding indebtedness. The report for the following year showed the claim in the amount of $1210, which reflected the $500 credit on the original debt and interest. No further payments were made in accordance with the agreement to liquidate the debt, notwithstanding the appellee's attempts to get the Board to carry out the agreement. M. C. Begley retired from the case in 1936. The action was dismissed by the court for want of prosecution early in 1937.

We are of the opinion that the foregoing facts and circumstances warranted a finding in favor of the appellee. Unquestionably, the Board of Education had the right in the first instance to purchase the equipment, and the 1931 writings of the superintendent and the Board attempted to recognize and validate the debt. Furthermore, we have pointed out that it is clear from the record that Superintendent Begley and the Board recognized the validity of the debt and entered into an agreement for its satisfaction after suit was filed to collect it; the method of settlement being the payment of $500 on the claim each year. One $500 payment was duly authorized and made and the financial reports of the Board for the school years ending June 30, 1935 and June 30, 1936, listed the appellee's claim. While Superintendent Begley attempts to say that he would not have approved the $500 payment in November, 1935, if he had known that the records of the Board did not show the authorization or approval of the purchase, we think the evidence fully supports the foregoing statement that the validity of the claim was never challenged prior to the time of the making of the agreement to settle the original action.

We think the appellant should be held to the agreement made to settle the original action. The Board recognized the validity of the appellee's debt and did everything in its power short of complete payment to settle it; namely, it listed the item on its schedule of outstanding indebtedness and duly authorized and made a substantial payment on the claim. We are of the opinion, therefore, that the trial court properly directed a verdict in favor of the appellee.

Judgment affirmed.